UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| West Bend Mutual Insurance Company, | File No. 18-cv-709 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jessica M. Jensen, et al., | |
| Defendants. | |

---

This matter came before the undersigned United States Magistrate Judge pursuant to an Order of Reference, [Docket No. 50], made in accordance with the provisions of 28 U.S.C. § 636, and upon Plaintiff's Motion for Default Judgment Against Defendant Kirk L. Bigby. [Docket No. 39]. The Court held a hearing on the present Motion on September 19, 2018, after which Plaintiff's Motion was taken under advisement. (Minute Entry [Docket No. 61]). At the September 19, 2018, Motions Hearing, Elisa Hatlevig appeared for and on behalf of the Plaintiff; Kevin Pillsbury appeared for and on behalf of the Bluefin Bay Defendants;[1] and Paul A. Thompson appeared for and on behalf of the Trustee Defendants. (Id.). There was no appearance at the September 19, 2018, Motions Hearing on behalf of Defendant Bigby.

For the reasons discussed herein, the Court recommends that Plaintiff's Motion for Default Judgment Against Defendant Kirk L. Bigby, [Docket No. 39], be **GRANTED**.

---

[1] Although counsel for the Bluefin Defendants appeared at the September 19, 2018, Motions Hearing, Mr. Pillsbury informed the Court that the Bluefin Defendants take no position on the present Motion. (September 19, 2018, Motions Hearing, Digital Record at 10:31–10:32).

**I.      Background**

Plaintiff West Bend Mutual Insurance Company (hereinafter "Plaintiff") initiated the present action on March 14, 2018, by filing its Complaint. [Docket No. 1].[2] Through its Complaint, Plaintiff seeks an Order of this Court declaring the terms and conditions of the Commercial General Liability Policy at issue in the present case "and what obligations, if any, exist" for Plaintiff to defend and "indemnify Kirk Bigby in the underlying" state court civil action. (Compl., [Docket No. 1], at 13).

The record before the Court indicates that on the night of December 8, 2015, Defendant Tofte Management d/b/a Bluefin Bay held an event at Bluefin Bay Resort for its employees, such as Defendant Bigby, and their guests which Defendant Kirk Bigby attended. (Id. at 3). The event included dinner, drink tickets, and "fake money" for gambling. (Id.). Marcus Roberts was an employee of the company providing the gambling tables and dealers for the event. (Id. at 4).

After the conclusion of the event Defendant Bigby encountered Mr. Roberts outside the event in the morning hours of December 9, 2015. (Id.). During this encounter Defendant Bigby fatally shot Mr. Roberts. (Id.). As a result, Defendant Bigby was criminally charged in Minnesota State Court "with Second Degree Murder with Intent and Second Degree Murder without Intent (while committing a felony)." (Id.). On May 26, 2017, Defendant Bigby pled guilty to "Second Degree Murder without Intent (while committing a felony)." (Id.).

On December 4, 2017, the Trustee Defendants in the present case filed a state court civil action against the Bluefin Bay Defendants, as well as, Defendant Bigby. (Id. at 5). Because

---

[2] Plaintiff named as Defendants Jessica M. Jensen, Trustee for the heirs and next of kin of Marcus L. Roberts, Decedent; Elaine Pierce; Timothy Roberts; Lillian Wilson; Ardythe Smith; Jeremy Roberts; Jessica Jensen; and Shannon Freeman (collectively the "Trustee Defendants"), as well as, Dennis A. Rysdahl; The Temperance Company, LLC; The Tofte Company, LLC; Tofte Management Company, LLC, doing business as Bluefin Bay doing business as Bluefin Bay Resort doing business as Bluefin Bay Family of Resorts (collectively the "Bluefin Bay Defendants"). (Compl. [Docket No. 1]). Plaintiff also named as Defendant Kirk L. Bigby. (Id.).

2

Plaintiff insured the Bluefin Bay Defendants under a Commercial General Liability policy at the time of the December 9, 2015, incident, and because Defendant Bigby was an employee of the Bluefin Bay Defendants at the time of the incident, Plaintiff is defending Defendant Bigby under a reservation of rights in the underlying state court civil action. (Id.).

As noted above, Plaintiff filed the present Complaint, [Docket No. 1], on March 14, 2018. Plaintiff caused Defendant Bigby to be personally served with a summons and a copy of the Complaint on March 23, 2018. (Summons Returned Executed [Docket No. 25]). Accordingly, Defendant Bigby's response to the present Complaint was due April 13, 2018. Plaintiff also effected service upon the Bluefin Bay Defendants and the Trustee Defendants. (Summons Returned Executed [Docket No. 26–36]).

On April 4, 2018, the Trustee Defendants filed their Answer, [Docket No. 4], to Plaintiff's Complaint. On April 6, 2018, the Bluefin Bay Defendants filed their Answer. [Docket No. 7].

On July 13, 2018, after Defendant Bigby's time to respond to the present Complaint had lapsed without any response or appearance on his behalf, the undersigned issued an Order instructing Plaintiff to: (1) Notify Defendant Bigby within 3 business days that he was required to file a responsive pleading or move for an extension of time to do so; and (2) file an application for entry of default against Defendant Bigby unless within 5 business days, Defendant Bigby filed the required pleading or advised the Court in writing of any good cause for not doing so. (Order [Docket No. 38]).

On August 20, 2018, after Defendant Bigby's time to respond had lapsed without any response or appearances on his behalf, Plaintiff filed an Application for Clerk's Entry of Default

3

against Defendant Bigby. [Docket No. 53]. On August 23, 2018, the Clerk of Court entered a Clerk's Entry of Default against Defendant Bigby. [Docket No. 55].

On July 24, 2018, Plaintiff filed the present Motion for Entry of Default Judgment Against Defendant Kirk L. Bigby, [Docket No. 39], along with various documents supporting its Motion. [Docket Nos. 41, 42, 45]. Although they were provided notice of the present Motion, [Docket No. 45], neither the Bluefin Bay Defendants nor Defendant Bigby responded to the present Motion. On September 10, 2018, the Trustee Defendants filed an untimely response to the present Motion. [Docket No. 57].[3]

On August 15, 2018, the Honorable John R. Tunheim referred the present Motion to the undersigned United States Magistrate Judge. (Order of Reference [Docket No. 50]).

## II. Plaintiff's Motion for Entry of Default Judgment Against Defendant Kirk L. Bigby. [Docket No. 39].

Plaintiff's motion for default judgment seeks an Order of this Court entering "default judgment against Defendant Kirk Bigby for failure to properly answer the Complaint or otherwise plead." (Plf.'s Mot. [Docket No. 39]).

In their written response the Trustee Defendants argued that Plaintiff is not entitled to default judgment against Defendant Bigby for a number of reasons. (Defs.' Mem., [Docket No. 57], at 1–4). The Trustee Defendants at the Motions Hearing, however, appeared to concede that they lack the standing necessary to make such an argument when their counsel acknowledged the Trustee Defendants were not attempting to be "heard standing in the shoes of Defendant Bigby." (September 19, 2018, Motions Hearing, Digital Record at 10:31–10:32).[4] Instead, the Trustee

---

[3] Despite the untimeliness of the Trustee Defendants' response, the Court in its inherit discretion allowed counsel for the Trustee Defendants to present oral argument at the September 19, 2018, Motions Hearings, and the undersigned furthermore will consider the arguments raised by the Trustee Defendants' counsel.

[4] Rather as discussed below the Trustee Defendants now appear to argue 1) that the Court should delay its entry of final judgment against Defendant Bigby pending resolution of the underlying state court civil action; 2) that even if

4

Defendants' counsel stated that he was only there for his own clients because they had "a right to be heard," and the admission of fact in the current case could have consequences on the underlying state court matter. (Id. at 10:31–10:42). To the extent the Trustee Defendants do argue that Plaintiff is not entitled to default judgment against Defendant Bigby, the Trustee Defendants fail to provide, and this Court has not found, any authority which would provide that the Trustee Defendants are entitled to argue on behalf of Defendant Bigby that default judgement against Defendant Bigby is improper.

### A. Standard of Review

Rule 12(a)(1) of the Federal Rules of Civil Procedure directs defendants to file an answer or other responsive pleading within twenty-one (21) days after receiving service of the summons and complaint. Fed. R. Civ. P. 12(a)(1).

Under Federal Rule of Civil Procedure 55, there is a two-step process for the entry of default judgment. Johnson v. Dayton Elec. Mfg. Co., 140 F.2d 781, 783 (8th Cir. 1988). First, the moving party must seek default from the Clerk of Court, and the Clerk must enter default based on proof that the opposing party has failed to plead or defend against the action. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of default judgment from the Court based on either Rule 55(b)(1) or Rule 55(b)(2). Entry of default must precede entry of default judgment. Johnson, 140 F.2d at 783.

"Upon [Clerk's entry of] default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default

---

the court enters default judgement against Defendant Bigby, the Court should specifically fashion that default judgment as inapplicable to the Trustee Defendants, which would preclude the Court from entering final judgment in the present case; and 3) that even if the Court finds it can enter judgement, the Court should stay the entry of that judgment until the completion of the underlying state court civil action. These arguments are addressed below.

does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010); Marshall v. Baggett, 616 F.3d 849, 852-53 (8th Cir. 2010); F.T.C. v. Kitco of Nevada, Inc., 612 F. Supp. 1282, 1297 (D. Minn. 1985).

### B. Analysis

In the present case, the Clerk of Court having entered default against Defendant Kirk L. Bigby, [Docket No. 55], Plaintiff now seeks default judgment from the Court as to Defendant Bigby on the declaratory relief it seeks in its Complaint pursuant to Rule 55(b)(2). At the September 19, 2018, Motions Hearing, Plaintiff specified that it is only seeking default judgment as to Defendant Bigby, and Plaintiff further specified that its Complaint is related to a declaration only as to whether or not it is required to defend and indemnify Defendant Bigby. (September 19, 2018, Motions Hearing, Digital Record at 10:17–10:19).

Plaintiff's Complaint seeks declaratory relief providing that it is not obligated to provide Defendant Bigby with a defense or indemnity coverage for the state civil action under the Commercial General Liability Policy (hereinafter the "Policy") at issue in the present case. (Compl. [Docket No. 1]). Specifically, Plaintiff seeks declaratory relief that it has no obligation to defend Defendant Bigby or provide indemnity coverage for the December 9, 2015, incident underlying the state court civil action below. (Id.). Plaintiff's Complaint alternatively alleges that coverage does not flow from the Policy because (1) there was no "occurrence" as defined by the Policy, (2) Defendant Bigby was not acting within the course and scope of his employment and the Policy only covers his action when he is acting within the course and scope of his employment, and (3) the Policy excludes intended bodily injury and Defendant Bigby intended his actions resulting in Marcus Roberts' death on December 9, 2015. (Id. at 9–13).

6

As noted above, Plaintiff filed the present declaratory judgment action on March 14, 2018. (Compl. [Docket No. 1]). Defendant Bigby has failed to respond to the Complaint within the time required under the Federal Rules of Civil Procedure, See, Fed. R. Civ. P. 12(a)(1), and that time has long since expired. As also noted above, on August 20, 2018, Plaintiff filed an Application for Entry of Clerk's Default, [Docket No. 53], which the Clerk of Court entered on August 23, 2018. [Docket No. 55]. By virtue of the Clerk's entry of default, Defendant Bigby is deemed to have admitted the truth of the well-pleaded allegation within the Complaint. Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010). Plaintiff has now moved for default judgment by the Court. [Docket No. 39].

The now admitted facts of Plaintiff's Complaint establish that on the night of December 8, 2015, Defendant Tofte Management, LLC, d/b/a Bluefin Bay, held an event for its employees and their guests at which Defendant Tofte Management, LLC, d/b/a Bluefin Bay provided the attendees with dinner, drink tickets, and "fake money" in order for the employees and their guests to gamble. As an employee of Defendant Tofte Management, LLC, d/b/a Bluefin Bay, Defendant Bigby attended the event. As Defendant Bigby exited the event in the early morning hours of December 9, 2015, Defendant Bigby fatally shot Marcus Roberts with a handgun Defendant Bigby was carrying.

The now admitted facts in the record further establish that Plaintiff had issued a Commercial General Liability Policy with a policy period of November 1, 2015, to November 1, 2016, which named as insured Defendants Tofte Management, LLC, d/b/a Bluefin Bay; The Temperance Company, LLC; and Tofte Management, LLC. This Policy included a provision which excluded from coverage "Expected or Intended Injury."

7

The Court assumes solely for the sake of argument that Defendant Bigby was an insured employee at the time of the December 9, 2015, incident; that the incident underlying the present case qualifies as an occurrence; and that Defendant Bigby was within the course and scope of his employment. Nonetheless, there is a policy exclusion which precludes coverage because Defendant Bigby's action during the December 9, 2015, incident underlying the present case was an intentional act resulting in an intended bodily injury to another.

It is undisputed that the Policy excludes coverage for acts intended to cause bodily harm. Specifically, the exclusion provides that "[t]his insurance does not apply to . . . bodily injury . . . expected or intended from the standpoint of the insured." (Policy, [Docket No. 1-1], at 68). For the reasons discussed herein, the undersigned finds that the now admitted facts in the record demonstrate that Defendant Bigby's conduct in fatally shooting Marcus Roberts on December 9, 2015, was an intentional act resulting in an intended bodily injury to another for which coverage under the Policy is excluded.

Intentional act exclusions in insurance policies have been the subject of extensive analysis under Minnesota law. See, e.g., American Family Ins. Co. v. Walser, 628 N.W.2d 605, 613–15 (Minn. 2001) (collecting and discussing cases). For the purposes of an intentional act exclusion, "the necessary intent may be established either by proving an insured's actual intent to injure or by inferring such intent as a matter of law." R.W. v. T.F., 528 N.W.2d 869, 872 (Minn. 1995) (internal citation omitted). "[T]he purpose of intentional act exclusion is to exclude insurance coverage for wanton and malicious acts by an insured, and therefore [the Court] may, absent a finding of specific intent to injure, infer intent to injure as a matter of law." Walser, 628 N.W.2d at 613 (internal citation omitted); see, R.W., 528 N.W.2d at 872.

8

A Court's "determination to infer intent as a matter of law results from a case by case factual inquiry, not a bright line rule of law. More specifically, the facts of particular importance are those tending to show the likelihood of the harm—the greater the likelihood of the harm occurring, the more reasonable it is to infer intent." R.W., 528 N.W.2d at 873. Such a determination of inferred intent is "based on the circumstances and nature of the insured's actions." Walser, 628 N.W.2d at 613. Where the character of the insured's acts are factually "extreme" intent may be inferred as a matter of law for the purpose of an intentional act exclusion. Id.

By way of example, the Minnesota Supreme Court has inferred intent as a matter of law where the insured was involved in shooting a gun at a truck with the knowledge that the truck was occupied, resulting in injury to the occupant, despite the insured's insistence that he did not mean to injure anyone. Woida v. North Star Mut. Ins. Co., 306 N.W.2d 570, 572–74 (Minn. 1981). The Minnesota Supreme Court has also inferred intent as a matter of law where the insured was involved in an armed robbery resulting in the death of a store clerk, again despite the insured's insistence that he did not intend to injure anyone during the robbery. Toal v. Erickson, 244 N.W.2d 121, 123–26 (Minn. 1976). Notably, intent has also been inferred as a matter of law where an insured engaged in a "shooting rampage" resulting in the death of several individuals. Allstate Ins. Co. v. Pond Bar, No. 3-97-cv-1310, 1995 WL 568399, at *9 (D. Minn. May 19, 1995).

In the present case, the now admitted facts establish that Defendant Kirk L. Bigby fatally shot Marcus Roberts with a handgun. Such an action is of such an "extreme" nature that Defendant Bigby's intent to do harm can be inferred as a matter of law. See, Walser, 628 N.W.2d at 613. Moreover, Defendant Bigby's act of shooting Marcus Roberts is the kind that permits the

9

intent to injure to be inferred as a matter of law because of the act's very character. See, gen., Woida v. North Star Mut. Ins. Co., 306 N.W.2d 570, 573–74 (Minn. 1981).

Thus, the Court concludes that Defendant Bigby's action underlying the state civil case were taken with the intent to do bodily injury. Because Defendant Kirk L. Bigby's intent to cause bodily injury when he shot Marcus Roberts can be inferred as a matter of law, and because the CGL Policy now at issue contains a provision excluding coverage for intended bodily injury, Plaintiff has no duty to defend or indemnify Defendant Kirk L. Bigby for his actions underlying the state civil case pending below.

Therefore, the undersigns recommends that default judgment be entered by the Court against Defendant Kirk L. Bigby.

In their untimely, written response to the present Motion, the Trustee Defendants assert that even "[i]f the court were to find that the entry of default judgement against Defendant Bigby is proper, the court must find the entry of default judgement does not dispose of all claims among all parties in this matter[,]" and therefore, according to the Trustee Defendants, "the Court may not enter final judgement under Fed. Civ. Pro. R. [sic] 54 (b)." (Defs.' Mem., [Docket No. 57], at 4). In support of that assertion, the Trustee Defendants suggest that the entry of default judgement against Defendant Bigby does not preclude Trustee Defendants in this same proceeding from advancing their own defense of coverage under the CGL Policy at issue for Defendant Bigby related to the incident on December 9, 2015. (See, September 19, 2018, Motions Hearing, Digital Record at 10:33–10:42).

However, Plaintiff has not timely asked for entry of final judgment against Defendant Bigby, or any Defendant for that matter, at this time.[5] Accordingly, the undersigned could end

---

[5] While in its Reply, [Docket No. 58], Plaintiff does suggest that the Court can sua sponte grant summary judgement over the entire case when the parties are given advance notice, Plaintiff does not appear to actually seek such

this Report and Recommendation here, but the Trustee Defendants also argue that they are entitled in the present declaratory action in their own right to defend and attempt to establish coverage exists for Defendant Bigby under the West Bend CGL Policy here for the December 9, 2015, events at issue in the underlying state civil case. Because the undersigned believes this to be an incorrect belief, some further discussion is warranted.

At the Motions Hearing the Trustee Defendants' Counsel relied heavily on <u>Federal Kemper Insurance Company v. Rauscher</u>, 807 F.2d 345 (3d Cir. 1986), in support of the Trustee Defendants' argument that they could themselves oppose the current Motion in an effort to forestall the Court from entering judgement on Plaintiff's declaratory judgment action due to the Trustee Defendants' belief that they have their own standing to defend against immediate entry of judgement[6] in the present case. (<u>See</u>, September 19, 2018, Motions Hearing, Digital Record at

---

summary judgement on the entire case. (<u>See</u>, Plf.'s Reply, [Docket No. 58], at 13–15). Rather Plaintiff here only seeks declaratory judgement against Defendant Bigby. (<u>Id.</u>) To the extent Plaintiff seeks summary judgment in its favor beyond default judgement against Defendant Bigby, that requests would not be considered by the Court at this time. First, Plaintiff's Reply is an improper place to request new relief not previously requested in the underlying Motion. LR 7.1(c)(3)(B) ("A reply memorandum must no raise new grounds for relief or present matters that do not relate to the opposing party's response."); <u>See</u>, <u>Castillo-Alvarez v. Smith</u>, No. 14-cv-542 (JRT/JSM), 2015 WL 6445479, at *22 (D. Minn. Oct. 23, 2015). Moreover, in the present case and under the present circumstances, it would be jurisdictionally improper for the undersigned United States Magistrate Judge to sua sponte raise the issue of summary judgement or consider a motion for summary judgement on the entire case in addition to Plaintiff's motion for default judgement. Chief Judge Tunheim referred Plaintiff's Motion for Default Judgment, [Docket No. 39], to the undersigned pursuant to 28 U.S.C § 636, for the undersigned to issue proposed findings of fact and a recommendation for the disposition of only Plaintiff's motion for default judgment. (Order [Docket No. 50]). No other dispositive motion or issue has been referred to the undersigned; as the undersigned informed the parties at the September 19, 2018, Motions Hearing, it is not for the undersigned to decide if final judgment should be entered against Defendant Bigby and thereafter whether this case should ultimately be closed because that issue is not properly before the undersigned at the present time.

[6] The Court notes that the Trustee Defendants seem to refer to "judgement" in both their memorandum and at the September 19, 2018, Motions Hearing to interchangeably mean default judgement against Defendant Bigby, default judgement against themselves, summary judgment against themselves, and final judgement in the present case. However, regardless of the judgement to which the Trustee Defendants refer, for the reasons stated herein, the Trustee Defendants' arguments fail.

11

10:33–10:42). In addition to the non-controlling[7] nature of Rauscher, the Court finds it to be unpersuasive and inapposite to the present case.

In Rauscher, the insurer there brought a declaratory judgement action against Rauscher, as the insured, and the injured parties, Robert and Linda Griffith, to determine the insurer's obligation under an automobile policy. Rauscher, 807 F.2d at 346–48. The insurer "sought to have the District Court construe the terms of the policy and declare that the automobile operated by Rauscher at the time of the accident was not a 'covered auto' within the meaning of the policy," while on the other hand, the injured parties answered the complaint "asserting, among other things that [the insured's] policy should be construed to provide coverage for the accident." (Id. at 348). After default judgment was entered against the insured, the District Court "holding that the Griffiths rights were purely derivative of Rauscher's rights, entered judgement against the Griffiths . . . ." Id. The Griffiths as the injured parties appealed the District Court's decision. The Third Circuit Court of Appeals reversed the District Court "[c]oncluding that the injured party has an independent, and not a derivative right, to be heard" because "the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to participate." Id. at 354–55. The Court there concluded that "it would be anomalous to hold that the Griffiths should not be given an opportunity to establish their case against [Federal] Kemper because of a default which they could not prevent. We are satisfied therefore that the Griffiths had standing and that their rights are independent and not derivative of Rauscher's." Id. at 355.

The undersigned first notes that neither the Rauscher case itself nor the reasoning therein have ever been adopted by the Eight Circuit Court of Appeals or the Minnesota Supreme Court. As the Trustee Defendants' counsel conceded at the September 19, 2018, Motions Hearing, it

---

[7] "Decisions from other Circuits . . . do not bind this Court." Bjornson v. Soo Line Railroad Co., No. 14-cv-4596 (JRT/SER), 2015 WL 5009349, at *5 (D. Minn. Aug. 24, 2015) (discussing opinions from the Fifth, Sixth, and Seventh Court of Appeals).

does not appear either any state court in the State of Minnesota nor any Federal court in the District of Minnesota has ever adopted reasoning similar to the reasoning in Rauscher. Moreover, the exact extent to which Rauscher stands for the proposition that injured third parties are afforded independent rights within a declaratory judgment action against the insured appears to be unclear even within the Third Circuit itself. See, e.g., Hartford Casualty Ins Co. v. Cardenas, 292 F.R.D. 235, 239–40 (E.D. Pa. 2013).

The Court further notes that Rauscher is inapposite to the circumstances of the present case. First, Rauscher involved both a Plaintiff insurance company and injured party-defendants who were seeking to differently construe an insurance policy in accordance with the actions and statement of the insurance agent, as wells as, the beliefs of the named insured. (See, Rauscher, 807 F.2d at 345–48). The parties there fundamentally disagreed on the underlying terms of the policy. (See, Id.). In the present case, however, there is no disagreement on the terms of the policy; the disagreement in the present case, to the extent one exists, is only on how these terms apply to the December 9, 2015, actions of Defendant Bigby underlying the state civil case. In addition, the injured parties in Rauscher sought to actively defend the declaratory action raised by plaintiff there despite the default by the insured; whereas, in the present case, the Trustee Defendants have represented through counsel that if default judgment is entered against Defendant Bigby, then they anticipate there will be no further action in the present case. (See, September 19, 2018, Motions Hearing, Digital Record at 10:42–10:44).[8] For the foregoing reasons, the undersigned finds Rauscher unpersuasive in the present case. The Court finds no legal authority or factual basis in the record to support the Trustee Defendants' argument that the Court should delay default judgement against Defendant Bigby here.

---

[8] This lack of continued action in the present case is further illustrated by the fact that the Trustee Defendants, in asking for a stay of entry of judgement, ask for that stay pending resolution of the underlying state court civil action and not pending further disposition of the present case.

As noted above, the Trustee Defendants also argue that even if the Court determines that any judgement should be entered in the present case—whether default judgment or final judgment—the entry of that judgement should be stayed pending the completion of the underlying state court civil action. (September 19, 2018, Motions Hearing, Digital Record at 10:41–10:43). In support of this assertion, the Trustee Defendants rely on Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872), and its progeny. (See, September 19, 2018, Motions Hearing, Digital Record at 10:33–10:34; 10:42–10:44). The Court finds this reliance misplaced.

In Frow, "the Supreme Court held that when defendants are sued as jointly liable, and less than all [those defendants] default, the court may not enter default judgement against the defaulted defendants until the liability of the non-defaulted defendants has been decided." McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 321 (8th Cir. 1997). Courts have observed the purpose behind this policy is that "[w]hen co-defendants are similarly situated, inconsistent judgements will result if one defendant defends and prevails on the merits and the other suffers a default judgement." Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Frow, 82 U.S. at 554). Courts have held, based on Frow, that when a plaintiff alleges joint liability against multiple defendants, a clerk's entry of default as to some of the defendants is appropriate, but default judgement should not be entered, and the court should delay its determination of damages as to any defaulted defendant until the case has been resolved as to the non-defaulting defendants. See, e.g., Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 433 (8th Cir. 1992).

The reasoning of Frow, as well as, the holding contained therein are inapplicable to the present case. Most importantly, there is no possibility of joint and several liability as between Defendant Bigby and the Trustee Defendants running to Plaintiff here. It is undisputed that the

14

Trustee Defendants have <u>no</u> independent rights under the West Bend CGL Policy at issue,[9] and a declaration that the Plaintiff here has no duty to defend or provide indemnity coverage for Defendant Bigby in the Trustee Defendants' underlying state civil case against Defendant Bigby will not affect or preclude the Trustee Defendants' continued prosecution of their civil tort claims in state court.[10] In the present case, the "inconsistent judgments" contemplated by the <u>Frow</u> Court are not a possible risk as to the Trustee Defendants. Indeed, counsel for the Trustee Defendants implicitly acknowledged the same when he indicated at the Motions Hearing that the Trustee Defendants do not intend to take any further action in the present case. (<u>See</u>, September 19, 2018, Motions Hearing, Digital Record at 10:41–10:44). <u>Frow</u> fails to lend any support to the Trustee Defendants' contention that the entry of default judgement against Defendant Bigby here should be stayed pending completion of the underlying state court civil action. In fact, the Trustee Defendants fail to provide, and this Court has not found, any case where a court has stayed entry of default judgement in a Federal court declaratory action involving insurance coverage pending resolution of an underlying state court civil matter. To do so would completely circumvent the relief Plaintiff seeks through its current Complaint.

In the present Motion, Plaintiff seeks entry of default judgement against Defendant Kirk Bigby such that it has no duty to defend or indemnify him for the December 9, 2015, shooting of Marcus Roberts at issue in the state civil case below. (Plf.'s Mot. [Docket No. 39]). For the

---

[9] "It is well established in this state that an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter." <u>Miller v. Market Men's Mutual Ins. Co.</u>, 115 N.W.2d 266, 268 (Minn. 1962); <u>see</u>, <u>Morris v. Am. Family Mut. Ins. Co.</u>, 386 N.W.2d 233, 237 (Minn. 1986) ("[I]t is well settled in this state that an injured third party claimant is not privy to the insurance contract and cannot sue an insurer directly for failure to pay a claim but must first obtain a judgment against the insured."); <u>Smith v. Am. Investors Network</u>, No. 5-cv-1686 (JRT/FLN), 2006 WL 3491144, at *10 (D. Minn. Oct. 26, 2006).

[10] Trustee Defendants argue ostensibly that a declaratory judgment of no duty to defend or indemnify here will adversely impact them in the state civil case below because any judgment they may obtain against Defendant Bigby in state court, without insurance coverage, would likely be uncollectable. This does not change the undersigned's conclusion. It makes little difference whether there was no insurance policy at all in the first instance for Defendant Bigby or whether coverage is excluded under the plain language of an available insurance policy. The Trustee Defendants may pursue their state civil case against Defendant Bigby, but they must take him as they find him relative to his financial ability to satisfy any potential judgment.

reasons discussed above, Plaintiff has demonstrated that it is entitled to default judgment against Defendant Bigby.

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion for the Entry of Default Judgment Against Defendant Kirk L. Bigby, [Docket No. 39], be **GRANTED**; and

2. The Court issue a judgment declaring that Plaintiff has no duty to defend or indemnify Defendant, Kirk L. Bigby, for any injuries or claims arising out of Kirk L. Bigby's December 9, 2015, shooting of Marcus Roberts.

Dated: November 14, 2018                    s/Leo I. Brisbois
                                            Leo I. Brisbois
                                            United States Magistrate Judge

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).